AYDIN CORPORATION v. INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION

No. 7410SC1096

(Filed 16 April 1975)

**Landlord and Tenant § 13— exercise of option to occupy all of premises — no forfeiture of general right of termination**

> Where a contract between plaintiff lessee and defendant sublessee provided that both could terminate upon 90 days notice, but, upon notice of termination by lessee, sublessee could elect to occupy the entire premises and thereafter neither party could terminate the lease, and where the contract provided sublessee was given the option to occupy the entire premises, which was independent of any prior notice of termination by lessee, sublessee in exercising this option did not forfeit the general right of termination given to both parties.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 16 October 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 14 March 1975.

Plaintiff instituted this action seeking to recover damages for anticipatory breach of a sublease agreement by defendant.

Aydin Corporation is the lessee, under a Master Lease, of certain property located in Wake County. On 16 June 1972, Aydin, with the approval of its lessor, subleased to International Telephone & Telegraph Corporation (ITT) a portion of the premises. The sublease contained the following pertinent provisions:

> "2. This sublease shall be for a term of approximately 111½ months (subject to the renewal provisions of the Master Lease) commencing on the 16th day of June, 1972

and terminating on the 30th day of August, 1981, or on such earlier date upon which said term may expire or be cancelled or terminated pursuant to any of the provisions of this Sublease. Either party may terminate this Sublease at any time after June 16, 1973 upon ninety (90) days prior written notice, except as hereinafter provided.

In the event the Landlord shall give any such termination notice, such notice shall be deemed null and void if Tenant, within sixty (60) days after the date of receipt of such notice, shall exercise its option, in accordance with the terms of this Sublease, to sublease the remaining portion of the premises described in the Master Lease, or shall exercise the option, in accordance with the terms of the Master Lease, to purchase said entire premises described in the Master Lease under numbered paragraph 18 thereof. If Tenant shall exercise either of said options, Tenant shall also pay to Landlord the additional rent provided in numbered paragraph 6 of this Sublease for the remaining portion of the premises described in the Master Lease, which additional rent shall be payable from the date the Landlord delivers possession of such remaining portion of the premises to the Tenant, subject to subleases, if any. Rent under any sublease existing at that time shall be apportioned between Landlord and Tenant. The parties hereto agree that, on and after the date of any such election by the Tenant, neither the Landlord nor the Tenant shall thereafter have any right to terminate this Sublease upon the aforesaid ninety (90) days prior written notice.

. . . .

6. Subject to any prior tenancy created where Tenant did not exercise its right of first refusal as set forth in numbered paragraph 5 of this Sublease, Tenant shall have the option at any time of subleasing the entire remainder (including any portion thereof which may then be sublet to another tenant) of the premises demised by the Master Lease on the same terms and conditions set forth in this Sublease, except that the rent for such entire remainder shall be $13,030.40 annually. If Tenant shall exercise this option, Landlord shall assign to Tenant any sublease of such remainder, or any portion thereof, of the premises demised by the Master Lease."

On 16 November 1972, ITT exercised its option to sublease the remainder of the premises. On 14 February 1974, ITT notified Aydin that it was terminating the sublease, effective 90 days later. Aydin then brought suit, and defendant ITT moved to dismiss the complaint for failure to state a claim for relief. From the order granting defendant's motion, plaintiff appealed to this Court.

*Smith, Anderson, Blount & Mitchell, by Michael E. Weddington and James D. Blount, Jr., for plaintiff appellant.*

*Clark, Tanner & Williams, by David M. Clark and P. Trevor Sharp, for defendant appellee.*

ARNOLD, Judge.

The sole question presented by this appeal is whether, on the basis of the complaint and attached sublease, the plaintiff has stated a claim upon which the trial court can grant relief. G.S. 1A-1, Rule 12(b)(6). *See Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970). The entire contract must be given meaning and provisions in apparent conflict must be reconciled if possible. *Dixie Container Corp. v. Dale,* 273 N.C. 624, 160 S.E. 2d 708 (1968); *Bank v. Insurance Co.,* 265 N.C. 86, 143 S.E. 2d 270 (1965). *See also* 17 Am. Jur. 2d, Contracts, §§ 258, 267; 2 Strong, N. C. Index 2d, Contracts § 12, pp. 315-16. Construing the sublease in accordance with these general principles of contract construction, we are of the opinion that the court was correct in dismissing the complaint.

Under paragraph 2, both the lessee and the sublessee are given the right to terminate upon 90 days notice. The single exception to this right arises when the lessee has given notice of termination. Then the sublessee may elect to occupy the entire premises, and thereafter neither party may terminate the sublease. Paragraph 2 further provides that "on and after the date of any such election" neither party shall have the right to terminate. The words "any such election" refer only to the election available to the sublessee in the event the lessee gives notice of termination: the election to occupy all rather than none of the leased premises.

Under paragraph 6, the sublessee is given an option to occupy the entire premises which is independent of any prior notice of termination by the lessee. Having exercised this option,

Bank v. Foster

the sublessee has not forfeited the general right of termination given to both parties in paragraph 2. Thus, from a reading of the contract, which is made part of the complaint, it is clear that defendant sublessee was within its rights in terminating the sublease.

The order of the trial court is

Affirmed.

Judges BRITT and MORRIS concur.