DIXIE CONTAINER CORPORATION OF NORTH CAROLINA v. W. E. DALE, T/A W. E. DALE CONSTRUCTION COMPANY.

(Filed 1 May 1968.)

**1. Contracts § 14—**

A third-party beneficiary to an existing contract *is held* not a party to the contract so as to come within its provisions incorporating the terms of a prior contract and making them operational as to "the parties" of the existing contract.

**2. Indemnity § 2—**

The primary purpose of the court in construing a contract of indemnity is to ascertain and give effect to the intention of the parties, and the ordinary rules of the construction of contracts apply.

**3. Same—**

A contract of indemnity will be construed to cover all losses, damages and liabilities which reasonably appear to have been within the contemplation of the parties, but it cannot be extended to cover any losses which are neither expressly within its terms nor of such character that it can reasonably be inferred that they were intended to be within the contract.

**4. Contracts § 12—**

A contract is to be construed as a whole and each provision therein must be appraised in relation to all other provisions.

**5. Same—**

Where a contractor specifically agrees to indemnify the owner of a building for any damages caused to its property during the course of construction, the tenant is thereby excluded from the protection afforded the owner, since it is reasonable to assume that had the parties intended to impose liability upon the contractor for damage to the tenant's property they would have made the provision applicable to him.

**6. Same—**

Ordinarily, the engagement in an indemnity contract is to make good and save the indemnitee harmless from loss or some obligation which he has incurred to a third party, and a provision in a construction contract whereby the contractor agrees to indemnify and save harmless the owner of a building and his tenant "against all loss, cost, including reasonable attorney's fees, or damage on account of injury to persons or property" is construed to impose liability upon the contractor only for such damages incurred by the owner or tenant to third persons.

HUSKINS, J., took no part in the decision or consideration of this case.

APPEAL by plaintiff from *Riddle, S.J.,* in chambers in BURKE on 24 June 1967, docketed and argued as Case No. 364 at the Fall Term 1967.

Action for an alleged breach of contract heard on demurrer to the complaint. The facts alleged, except when quoted, are summarized as follows:

Plaintiff, a Delaware corporation, has its principal place of business in Morganton, North Carolina. In 1961 plaintiff owned a tract of land in Burke County upon which, pursuant to a contract entered into between plaintiff and defendant on 23 November 1961, defendant constructed an industrial building. A year later plaintiff conveyed the property to Delos Realty Corporation (Delos), which immediately leased it to plaintiff. Two years thereafter, plaintiff entered into a contract with Delos whereby Delos agreed to construct an addition to the leased building. To this end, Delos entered into a contract with defendant whereby it undertook to construct for Delos an addition to the building.

On 3 April 1965, while defendant's workmen were welding the steel beams in the roof of the new construction, they permitted molten metal to fall upon large rolls of paper stored below. The resulting fire destroyed much of plaintiff's stock and equipment, interrupted production for 8 weeks, and caused plaintiff to suffer damages in the sum of $163,266.95.

Defendant's contract with Delos contained the following provisions:

"PRESENT TENANCY — The contractor, Dale Construction, agrees to aid and facilitate all the operations of shipping, receiving and warehousing which Dixie Container Corporation of N. C., tenant in the existing building, will continue on the construction site during the progress of the work. Dale Construction will in no way interfere with these essential functions of the tenant, and Dale will be held to have informed itself of the details of this necessity. No extra cost or change in the work may be claimed by reason of the obligations of this article.

"Dale Construction Company shall indemnify and save harmless the Delos Realty Corporation and Dixie Container Corporation of N. C., and their principals against all loss, cost, including reasonable attorney's fees, or damages on account of injury to persons or property occurring in the performance of this contract and agreement.

"* * *

"TERMS AND CONDITIONS — The terms and conditions for the above work and governing this contract will be identical to the full contract between Dixie Container Corporation of N. C., and Dale Construction Company dated November 23, 1961. That contract is hereby incorporated fully into this agreement *as operational regarding the parties to this agreement.*" (Emphasis added.)

The above-quoted section of the contract, labeled *Terms and Conditions,* refers to the contract entered into by defendant and plaintiff

on 23 November 1961. That contract, *inter alia,* contained the following provision:

"Art. 11. PROTECTION OF WORK AND PROPERTY — The contractor shall continuously maintain adequate protection of all his work from damage and shall protect the owner's property from injury or loss arising in connection with this contract. He shall make good any such damage, injury or loss, except such as may be directly due to errors in the contract documents or caused by agents or employees of the owner. He shall adequately protect adjacent property as provided by law and the contract documents. The contractor shall take all necessary precautions for the safety of employees on the work and shall comply with all applicable provisions of Federal, State and Municipal safety laws and building codes to prevent accidents or injury to persons on, about or adjacent to the premises where the work is being performed. He shall erect and properly maintain at all times, as required by the conditions and progress of the work, all necessary safeguards for the protection of workmen and the public."

Under the foregoing provisions of the contract between defendant and Delos, plaintiff is a third-party beneficiary, and defendant is obligated to reimburse plaintiff for its losses in the amount of $163,266.95.

Defendant demurred to the complaint on the ground that the contract between defendant and Delos does not obligate defendant to reimburse plaintiff for the loss it suffered. Judge Riddle sustained the demurrer, and plaintiff appealed.

*Simpson & Simpson and James C. Smathers for plaintiff appellant.*
*Carpenter, Webb & Golding; E. P. Dameron; Patton & Starnes for defendant appellee.*

SHARP, J. This action is based, not upon allegations of defendant's actionable negligence, but upon the premise that plaintiff was a third-party beneficiary of a building contract between Delos and defendant in which defendant agreed to indemnify plaintiff, the tenant of Delos, for any damage to plaintiff's property resulting from the construction. Defendant concedes that under the terms of the contract, plaintiff would be entitled to indemnity for any sums it might be required to pay third parties as a result of defendant's performance of the contract. He denies, however, that the contract obligated it to reimburse plaintiff for the losses caused by the fire. Decision requires construction of the contractual provisions quoted in the preliminary statement.

Article 11, "Protection of Work and Property," of the 1961 con-

tract between plaintiff and defendant, incorporated by reference in the 1964 contract between defendant and Delos, obligated defendant to indemnify Delos for any damage to its property "arising in connection with this contract" unless the damage was due to errors in the contract documents or acts of the owner's employees. Under the facts alleged, it seems clear that defendant would be liable to Delos for its damages caused by the fire. The stipulation incorporating Article 11, however, expressly limited its application to "the parties to this agreement." Although a third-party beneficiary, plaintiff was not a *party* to the contract. It made no promise, assumed no obligation, undertook to do nothing. "In the United States there are various persons who are recognized as having enforceable rights created in them by a contract to which they are not parties and for which they give no consideration. They are called herein 'third party beneficiaries.'" 4 Corbin, Contracts § 774 (1951).

Defendant concedes that if it has any contractual obligation to indemnify plaintiff for the fire loss in suit, the liability arises out of the PRESENT TENANCY clause in which it agreed to "save harmless the Delos Realty Corporation and Dixie Container Corporation of N. C. and their principals against all loss, cost, including reasonable attorney's fees, or damages on account of injury to persons or property occurring in the performance of this contract and agreement." Plaintiff contends that this provision imposed absolute liability upon defendant to indemnify it for *any* damage to its property resulting from the performance of defendant's contract with Delos. Defendant contends that this clause obligated it to reimburse Delos and plaintiff only for the monetary damages either might be compelled to pay to third parties for personal injury or property damage resulting from the performance of defendant's construction contract.

As in the construction of any contract, the court's primary purpose in construing a contract of indemnity is to ascertain and give effect to the intention of the parties, and the ordinary rules of construction apply. 42 C.J.S. *Indemnity* § 8 (1944). It will be construed to cover all losses, damages, and liabilities which reasonably appear to have been within the contemplation of the parties, but it cannot be extended to cover any losses "which are neither expressly within its terms nor of such character that it can reasonably be inferred that they were intended to be within the contract." *Id.* § 12.

Defendant's contract with Delos must be construed as a whole and the "indemnify and save harmless" clause of the PRESENT TENANCY provision must be appraised in relation to all other provisions. *Atlantic Coast Line Railroad Company v. Norfolk Southern Railway Company,* 236 N.C. 247, 72 S.E. 2d 604; *Lumberton v.*

*Hood,* 204 N.C. 171, 167 S.E. 641; 1 Strong, N. C. Index, Contracts § 12 (1957). In Article 11 of the contract, defendant specifically and unequivocally agreed to indemnify Delos for any damages which defendant caused to its property during the course of construction. As heretofore pointed out, this section referred only to owner Delos and defendant contractor. Plaintiff, the tenant, was thus excluded from the specific protection therein afforded Delos. Had the parties intended to impose absolute liability upon defendant for any damage to plaintiff's property, it is reasonable to suppose that they would have done so by making this section likewise applicable to plaintiff. Instead they resorted to the different and unrelated terminology of the "indemnify and save harmless" clause, which included both plaintiff and Delos within its coverture. Having elsewhere clearly defined its liability to indemnify Delos for any damage to its property, there was no need to reiterate the same obligation in totally different language in another clause of the contract, and we do not assume that the parties intended to do so. Another commitment is manifested.

We think it is reasonably clear that in the "indemnify and save harmless" clause, defendant only bound itself to reimburse plaintiff for any damages it became obligated to pay third persons as a result of defendant's activity on the leased premises. Ordinarily, indemnity connotes liability for derivative fault. *Edwards v. Hamill,* 262 N.C. 528, 138 S.E. 2d 151. "In indemnity contracts the engagement is to make good and save another harmless from loss on some obligation which he has incurred or is about to incur to a third party. . . ." *Casualty Co. v. Waller,* 233 N.C. 536, 537, 64 S.E. 2d 826, 827. Indemnification for "damage on account of injury to persons or property" could not refer to plaintiff insofar as *personal* injuries are concerned. A corporation's property can be damaged, but a corporation cannot sustain personal injuries. Furthermore, the inclusion of attorney's fees and cost in the indemnification agreement seems to refer to the defense of third-party actions against plaintiff.

While more explicit exposition would no doubt have avoided this litigation, we think the meaning of the contract is sufficiently clear. We hold that the court below ruled correctly in sustaining the demurrer.

Affirmed.

HUSKINS, J., took no part in the decision or consideration of this case.