KIRKPATRICK & ASSOCIATES, INC. v. THE WICKES CORPORATION, T/A WICKES LUMBER AND BUILDING SUPPLIES

No. 8110SC44

(Filed 4 August 1981)

**Indemnity § 2.1— roofing subcontractor—death of worker—indemnification required**

    An indemnity clause in the parties' contract required defendant to indemnify plaintiff for any claims made in connection with the work that defendant as subcontractor agreed to perform, regardless of whether the claims were occasioned by defendant or by third parties, and the agreement clearly covered an accident in which a worker was electrocuted in connection with the roofing work defendant contracted to perform; moreover, plaintiff's admission of negligence did not bar its claim for recovery based upon the indemnity clause, nor was plaintiff barred from recovery by the fact that defendant was released and discharged by the deceased worker's estate from liability resulting from his death.

APPEAL by plaintiff from *Lee, Judge.* Judgment filed 7 November 1980 in Superior Court, WAKE County. Heard in the Court of Appeals 4 June 1981.

Plaintiff brought this action seeking recovery pursuant to an indemnity agreement.

Plaintiff was the general contractor for the construction of housing units for the Housing Authority of the City of Goldsboro, North Carolina. On 4 April 1977, plaintiff and defendant entered into a contract in which defendant agreed to be the subcontractor for certain roofing work in connection with the project. The contract contained the following indemnity clause:

    The Subcontractor hereby agrees to save and indemnify and keep harmless the Contractor, against all liability, claims, judgments or demands for damages arising from accidents to persons or property, whether occasioned by said Subcontractor, his agents or employees, provided said accidents occur in connection with the Subcontractor's work or are occasioned by said Subcontractor, his agent or employees, in connection with other work; and the said Subcontractor will defend any and all suits which may be brought against the Contractor on account of any such accidents, and will make good to and reimburse the Contractor for any expenditures that said Contractor may make by reason of such accident.

Defendant contracted with D & S Roofing Company to perform certain services connected with the roofing work. On 15 July 1977, Clifford Dunn, a partner in D & S Roofing, was working on the roof of one of the houses when he came in contact with an electrical power line and was electrocuted.

Dunn's estate made a claim against plaintiff for damages arising from Dunn's death. Plaintiff notified defendant in writing of the claim and requested that defendant or its insurer assume the claim and provide a defense. Defendant refused to do so.

On 9 November 1978, plaintiff settled the claim with Dunn's estate upon payment of $17,500. Claims against defendant and Carolina Power & Light Company were also settled. Releases were executed in favor of plaintiff, defendant, and Carolina Power & Light Company.

Based upon its settlement and payment, plaintiff demanded indemnification from defendant. Defendant refused, and plaintiff filed its complaint. Defendant asserted plaintiff's contributory negligence and the release of defendant by Dunn's estate as absolute bars to plaintiff's right of recovery. In its answers to defendant's requests for admissions, plaintiff admitted that Dunn was an independent contractor, and "[t]hat at all relevant times and in all relevant regards the plaintiff, Kirkpatrick & Associates, Inc., was negligent and that its negligence was a proximate cause of the injuries to Clifford Daniel Dunn."

Following discovery, both parties moved for summary judgment. From the granting of defendant's motion and the denial of plaintiff's motion, plaintiff appeals.

*Boyce, Mitchell, Burns & Smith, by Lacy M. Presnell III, for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Nigle B. Barrow, Jr., for defendant appellee.*

MARTIN (Harry C.), Judge.

Summary judgment is appropriate only when the evidence before the court demonstrates that there is no genuine issue as to any material fact and that a party is entitled to a judgment as a matter of law. N.C. Gen. Stat. 1A-1, Rule 56(c). Here, the facts are

not controverted. The sole issue on appeal is whether, as a matter of law, plaintiff is entitled to indemnification by defendant under the terms of the contract.

In interpreting a contract of indemnity, the Court's function is to ascertain and give effect to the intention of the parties, and the ordinary rules of contract construction apply. *Dixie Container Corp. v. Dale,* 273 N.C. 624, 160 S.E. 2d 708 (1968). Where the contractual language is clear and unambiguous, the Court must interpret the contract as written. *Corbin v. Langdon,* 23 N.C. App. 21, 208 S.E. 2d 251 (1974). In an indemnity contract, the agreement will be construed to cover all losses, damages, and liabilities which reasonably appear to have been within the contemplation of the parties, but not those which are neither expressed nor reasonably inferrable from the terms. *Dixie Container Corp., supra.* Indemnity contracts are entered into to save one party harmless from some loss or obligation which it has incurred or may incur to a third party. *Id.*

We agree with plaintiff's position that the language in the indemnification clause here in question does require defendant to indemnify plaintiff for any claims made in connection with the work that defendant, as subcontractor, agreed to perform, regardless of whether the claims were occasioned by defendant or by third parties. Defendant agreed

> to save and indemnify and keep harmless [plaintiff] against *all* liability, claims, judgments or demands for damages arising from accidents to persons or property, whether occasioned by [defendant], his agents or employees, *provided* said accidents occur *in connection with* [defendant's] work *or* are *occasioned* by [defendant], his agents or employees, in connection with other work . . . . [Emphasis ours.]

The agreement clearly covers an accident which occurs in connection with the roofing work defendant contracted to perform. It would also cover accidents occasioned, or caused, by defendant associated with other work. In either event, the undisputed facts show that Clifford Dunn, at the time he was killed, was performing roofing work that was defendant's obligation or was connected with the same. The fact that his status was that of an independent contractor is irrelevant and does not destroy or alter defendant's contractual obligation. The agreement plainly

does not require that defendant itself actually cause the injury or loss upon which recovery is sought.

Defendant contends that because plaintiff admitted its own negligence and that such negligence was a proximate cause of Dunn's death, it is barred from recovering under the contract by the doctrine of contributory negligence or assumed risk. The cases cited by defendant, *Etheridge v. Light Co.*, 249 N.C. 367, 106 S.E. 2d 560 (1959), *Clark v. Freight Carriers*, 247 N.C. 705, 102 S.E. 2d 252 (1958), and *Dalrymple v. Sinkoe*, 230 N.C. 453, 53 S.E. 2d 437 (1949), do not involve indemnity contracts. Negligence is not an issue in the case sub judice, as plaintiff's action is based not upon allegations of defendant's negligence but upon the existence of the indemnification contract. *See Dixie Container Corp.*, *supra*.

Defendant cites the language of *Hill v. Freight Carriers Corp.*, 235 N.C. 705, 710, 71 S.E. 2d 133, 137 (1952), as authority for its proposition that public policy opposes contracting against liability from one's own negligence:

Contracts which seek to exculpate one of the parties from liability for his own negligence are not favored by the law. . . . Hence it is a universal rule that such exculpatory clause is strictly construed against the party asserting it. . . . It will never be so construed as to exempt the indemnitee from liability for his own negligence or the negligence of his employees in the absence of explicit language clearly indicating that such was the intent of the parties.

(Citations omitted.) *Hill* was decided under Georgia law, and concerned a situation in which the plaintiff leased his tractor to defendant, a common carrier, under a contract including a provision that the plaintiff "will bear the expense of all losses thru fire, theft & collision to said motor vehicle and [the defendant] is not responsible for any of the above said losses." *Id.* at 706, 71 S.E. 2d at 134. While the plaintiff was operating the tractor on business for the defendant, he was involved in an accident with another driver who was on a trip for the defendant under a similar contract. The defendant sought to exculpate itself from liability for damages incurred by the plaintiff under the fellow servant doctrine and the terms of the contract. The Court, in applying the law of Georgia, held that the contract did not relieve the defend-

ant of liability for two reasons: (1) the language used did not clearly indicate such an intent, and (2) it would be contrary to public policy to permit a common carrier to contract against liability for damages caused by its employees' negligence while engaged in operating its vehicles used in interstate commerce.

*Hill* has no application to the present case. It is well established in North Carolina that "[i]t is not contrary to public policy for an indemnitee to contract with another to save him harmless from liability to a third party." *Gibbs v. Light Co.*, 265 N.C. 459, 467, 144 S.E. 2d 393, 400 (1965).

> There is a distinction between contracts whereby one seeks to wholly exempt himself from liability for the consequences of his negligent acts, and contracts of indemnity against liability imposed for the consequences of his negligent acts. The contract in the instant case is of the latter class and is more favored in law.

*Id. Accord, Cooper v. Owsley & Son, Inc.*, 43 N.C. App. 261, 258 S.E. 2d 842 (1979). Defendant's ultimate liability to plaintiff is in contract, not in tort. *See Hargrove v. Plumbing and Heating Service*, 31 N.C. App. 1, 228 S.E. 2d 461, *disc. rev. denied*, 291 N.C. 448 (1976). To construe the language of the indemnity clause to be ineffective under the circumstances of this case would render the provision virtually meaningless.[1] *Cooper, supra.* There are few situations conceivable where a party would be seeking indemnification had it not been guilty of some fault, for otherwise no judgment could be recovered against it. *Id.; Hargrove, supra.* Plaintiff's admission of negligence does not bar its claim for recovery based upon the indemnity clause.

Defendant further relies on the fact that it was released and discharged by Clifford Dunn's estate from liability resulting from Dunn's death. It argues that the estate thereby implicitly released plaintiff from claims for which plaintiff may have been liable as a result of defendant's acts; therefore any payments made by plaintiff to the estate were merely voluntary. Although the release was apparently before the trial court, it has not been made a part of the record on appeal, and we are unable to deter-

---

1. In its brief, defendant argues that, under the construction it urges, there might still be provided indemnity for such acts as mere negligent supervision by plaintiff. While the logic of this conclusion eludes us, we do not believe that the parties could have intended to draw up a contract of indemnity applicable to so narrow an interpretation.

mine if, by its terms, it released all other tortfeasors or was limited to defendant. If defendant had believed the estate's claim against plaintiff was based upon the same acts as the claim against itself, it should have assumed and defended the claim by the estate against plaintiff, as plaintiff requested it to do under the indemnity agreement. Defendant apparently believed the claim against plaintiff arose from a separate tort and refused to assume and defend it. Because of its refusal to do so, plaintiff was entitled to make a good faith settlement with the estate, as the law encourages settlements. *See Wheeler v. Denton*, 9 N.C. App. 167, 175 S.E. 2d 769 (1970); 12 Strong's N.C. Index 3d Torts § 7.7 (1978). Dunn's estate filed separate claims against plaintiff and defendant, and the release in favor of defendant had no effect as to the claim against plaintiff. Plaintiff's right to indemnity does not rest upon any theory of subrogation to the rights of the injured party. Strong's, *supra*, § 3.1. Indemnity assumes derivative fault, not joint fault. *Id.; Edwards v. Hamill*, 262 N.C. 528, 138 S.E. 2d 151 (1964). Defendant's liability for the claim against plaintiff arose solely from its contractual obligation.

A settlement is presumed to be fair and reasonable, and the burden of showing a lack of good faith is upon the party asserting it. *Wheeler, supra*. In its complaint, plaintiff alleged that its settlement with Dunn's estate was fair and reasonable. Defendant generally denied the allegation, but offered no forecast of evidence to sustain its motion for summary judgment on this issue. Defendant cannot rely on the bald allegation of its pleadings alone, in the face of the presumption of the regularity of settlements. Therefore, there is no genuine issue of fact as to a bona fide settlement, and plaintiff was entitled to judgment as a matter of law on the basis of the indemnification agreement. The trial court erred in granting summary judgment to defendant and denying plaintiff's motion for the same. The actions of the trial court are

Reversed.

Judges HEDRICK and WELLS concur.