Gerry C. WOLLAM, et al., Plaintiff,

v.

KENNECOTT CORPORATION, Defendant and Third-Party Plaintiff,

v.

STOCKMAR INDUSTRIES INTERMOUNTAIN, Third-Party Defendant.

Civ. No. C85–786G.

United States District Court,
D. Utah,
Central Division.

March 24, 1987.

See also, 648 F.Supp. 160.

Ann L. Wassermann and David E. Little-field, Salt Lake City, Utah, for plaintiff.

James B. Lee and James M. Elegante, Salt Lake City, Utah, for defendant and third-party plaintiff.

Dennis C. Ferguson, Salt Lake City, Utah, for third-party defendant.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

On January 23, 1987, this court heard defendant's ("Kennecott") motion for summary judgment with regard to plaintiff's claim for punitive damages, and third party defendant's ("Stockmar") motion for summary judgment on the third-party complaint and Kennecott's cross motion for partial summary judgment on the third-party complaint. Plaintiff was represented by Ann L. Wasserman and David E. Little-field, Kennecott was represented by James B. Lee and James M. Elegante, and Stockmar was represented by Dennis C. Ferguson. All parties submitted memorandums of law and the court heard oral argument, after which the court denied Kennecott's motion for summary judgment with regard to punitive damages and took under advisement the cross-motions for summary judgment by Kennecott and Stockmar. The court now being fully advised sets forth its Memorandum Decision and Order on the cross motions for summary judgment.

### FACTS

On February 1, 1984, Stockmar entered into a time and materials contract with Kennecott to perform insulation work at Kennecott's copper smelter in Garfield, Utah. The written contract was for the period February 1, 1984 to January 31, 1985. The contract contains an express indemnification provision as well as provisions covering assumption of risk and insurance in relation to performance of the contract. Around December 3, 1984, Kennecott began considering whether to rebid the insulation contract previously awarded to Stockmar. On December 4, 1984, R.L. Breed, President of Stockmar, sent a letter to Mike Olsen, purchasing agent for Kennecott, offering an "unsolicited proposal concerning the renewal of the insulating contract.... We make reference to Kennecott Purchase Order No. 76001 ... and propose no change in the contractual language except as listed below...." The letter proposed certain changes including increased mark up on materials and increased labor charges. Thereafter Mr. Olsen had several telephone conversations and lunch meetings with Mr. Olsen and Jack Tueller, Stockmar's Vice President of Operations, concerning the proposal. Mr. Olsen indicated to Stockmar that their proposed rates were too high and that Kennecott would rebid the contract. However, Stockmar agreed to continue work on a day-to-day basis as directed by Kennecott. Between January 31, 1985 and March 31, 1985, Stockmar continued to submit weekly

invoices to Kennecott for time and materials.

On March 5, 1985, plaintiff was in the employ of Stockmar in the capacity of an insulation installer working at the Kennecott smelter. On that date he was on the roof of the Anode Building, owned by Kennecott, installing preshaped insulation on steam pipes. Plaintiff alleges that Kennecott negligently attempted to cover a hole in the roof of the Anode Building with a loosely fitted sheet of fiberglass. Plaintiff then alleges that as a result of Kennecott's negligence, plaintiff fell through the hole to the ground twenty-five feet below, thereby sustaining severe injuries including paralysis of his lower extremeties. Stockmar is providing Workmen's Compensation benefits to plaintiff and is protected from any direct action by plaintiff by reason of the exclusive remedy provision of Utah's Workmen's Compensation Act, *Utah Code Ann.* § 35-1-60 (1974). Kennecott has asserted four causes of action for indemnification against Stockmar for all recovery made by plaintiff against Kennecott.

### LEGAL ANALYSIS

Stockmar seeks summary judgment on all four causes of action in the third-party complaint on the following grounds: (1) the written contract between Kennecott and Stockmar expired prior to the injury to plaintiff and the written indemnity provisions of the contract are unenforceable; (2) Stockmar is not required to indemnify Kennecott since Kennecott is a statutory employer of plaintiff; (3) under no circumstances would Kennecott be entitled to indemnification for punitive damages; (4) claims of implied indemnity are not recognized in Utah; (5) Paragraph Eight of the contract fails clearly to express an intention to require Stockmar to indemnify Kennecott for Kennecott's negligence; and (6) Paragraph Eleven of the contract does not require Stockmar to indemnify Kennecott for injuries to Stockmar's employees. By motion for summary judgment Kennecott seeks a ruling by this court that the indemnity provisions of the contract were in effect at the time of the accident on March 5, 1985. However, based upon this court's analysis of Stockmar's last three grounds it is unnecessary to decide the other issues presented by either Stockmar or Kennecott. For purposes of analysis this court assumes that all provisions of the original insulation contract were in force on March 5, 1985.

### I. *Implied Indemnity in Utah*

Section 6 of the "Terms and Conditions" of the insulation contract provides that Stockmar will comply with governmental rules and regulations applicable to the insulation work. Under Section 7 of the contract Stockmar further agrees to comply with the highest standards of safety found in applicable law and regulations. Kennecott contends in its second cause of action that Stockmar breached its duty under Sections 6 and 7 of the contract and as a result has an obligation to indemnify Kennecott for its costs in defending this suit. In Kennecott's fourth cause of action it also seeks indemnification from Stockmar based upon breach of Stockmar's contractual duty to exercise reasonable care.

In *Shell Oil Company v. Brinkerhoff-Signal Drilling Co.*, 658 P.2d 1187, 1191 n. 3 (Utah 1983) (citations omitted) the Utah Supreme Court stated:

> Because it is unnecessary to the resolution of this case, we express no opinion on whether the exclusive remedy provision of the Workmen's Compensation Act bars a third-party action for indemnity that is not based on a written indemnity agreement. Such circumstances include third-party claims for indemnity (1) based on common law tort principles of indemnity, ... (2) derived solely from the nature of the relationship between the employer and the third party, ... or (3) based on an express or implied contract between the parties that gives rise to an independent duty owed by the employer to the third party where the breach of this duty, rather than express contractual language, serves as the basis for indemnity.

Judge Winder of this court faced similar claims of implied indemnity and stated his

opinion on the proper interpretation of footnote 3 in *Shell:*

> At this point in time ... the Utah Supreme Court has not concluded that an implied indemnity agreement may exist in spite of the exclusiveness of Workmen's Compensation. Until the State court rules conclusively on this issue, this court will not second guess its conclusion.... Moreover, the Utah court has considered and rejected any constitutional challenge to the exclusive remedy provision.

*Freund v. Utah Power & Light,* 625 F.Supp. 272, 275 (D.Utah 1985) (citation omitted). After careful consideration we agree with Judge Winder that the proper action is not to recognize a cause of action for implied indemnity unless and until the Utah Supreme Court expressly determines the effect of Workmen's Compensation on such an action.[1] Accordingly, Stockmar's motion for summary judgment is granted on Kennecott's second and fourth causes of action.

## II. *Indemnification under Paragraph Eight*

■ Kennecott's third cause of action seeks indemnification from Stockmar based upon paragraph eight of the insulation contract which reads:

> *Seller to assume risk:* Seller hereby assumes the risk of any and all accidental or negligent injuries or death, occasioned by anything occurring in or about the execution and performance of this purchase order or the doing of any and all work thereunder, and hereby releases the purchaser of and from any and all actions and claims on account thereof.

The Utah Supreme Court has consistently held that an agreement to indemnify a party for its own negligence must be "clearly and unequivocally expressed." *Shell Oil Co. v. Brinkerhoff-Signal Drilling Co.,* 658 P.2d 1187, 1189 (Utah 1983) (quoting *Howe Rents Corp. v. Worthen,* 18 Utah 2d 263, 420 P.2d 848, 849 (1966) and citing other Utah cases). The rationale for the rule is that "the law does not look with favor upon one exacting a covenant to relieve himself of the basic duty which the law imposes on everyone: that of using due care for the safety of himself and others." *Union Pacific R.R. v. El Paso,* 17 Utah 2d 255, 408 P.2d 910, 913 (1965). In *El Paso,* the contract provided that El Paso would hold Union Pacific harmless "from and against any and all liability, loss, damage, claims ... of whatsoever nature ... howsoever caused ... or in any way whatsoever is due to or arises because of the existence of the pipeline or construction; operation, maintenance, repair, renewal, reconstruction or use of the pipeline...." *Id.* 408 P.2d at 912. The Utah Supreme Court held that such general language would not overcome the presumption that the indemnitor does not ordinarily undertake to indemnify for the indemnitee's own negligence. *Id.* 408 P.2d at 914.[2]

---

**1.** Our reluctance to recognize an implied action for indemnity within these circumstances is supported by *Phillips v. Union Pacific R.R.,* 614 P.2d 153 (Utah 1980). In *Phillips* the defendant railroad sought contribution from the plaintiff's employer and a fellow employee. The court rejected those claims by stating:

> [T]o allow contribution would only permit indirectly that which cannot be done directly, i.e., effectively permitting recovery by one employee against a fellow employee. The exclusive remedy provisions of ... Workmen's Compensation Acts ... make it clear that an employer's only liability for injuries sustained by an employee is to the extent of benefits under the Act. Additional exposure through the indirect method of a third-party action would be a blatant violation of the expressed legislative policy.

*Id.* at 154. Although the Utah Supreme Court subsequently recognized in *Shell Oil Co. v.*

*Brinkerhoff-Signal Drilling Co.,* 658 P.2d 1187, 1191 (Utah 1983) that an employer may expressly contract for additional exposure, we are reluctant to *imply* such additional exposure without further pronouncement by the Utah Supreme Court.

**2.** *See also Union Pacific R.R. v. Intermountain Farmers Ass'n,* 568 P.2d 724, 726 (Utah 1977). In *Intermountain Farmers* the court held that the following provision did not indemnify a landlord for his own negligence:

> It is especially covenanted and agreed ... that the Lessee shall at all times protect the Lessor and the leased premises from all injury, damage or loss by reason of occupation of the leased premises by the Lessee, or from any cause whatsoever growing out of said Lessee's use thereof.

The court in *Intermountain Farmers* also discussed numerous prior decisions wherein the

Here, paragraph eight of the insulation contract suffers from the same lack of specificity found deficient in *El Paso*. The general language that Stockmar releases Kennecott from claims based upon "any and all ... injuries or death, occasioned by anything occurring in or about the execution and performance of this purchase order ..." fails expressly to state that Stockmar will indemnify Kennecott for Kennecott's negligence.

In addition, paragraph eight fails to state that Stockmar will not indemnify Kennecott if Kennecott is the sole cause of an injury or damage. Thus, if the general language is read to provide indemnification for Kennecott's own negligence, it fails to limit that obligation to situations where Kennecott is not the sole responsible party. In those circumstances, such an all encompassing indemnification provision is "against public policy and is void and unenforceable." Utah Code Ann. § 13–8–1 (1986); *cf. Freund v. Utah Power & Light*, 625 F.Supp. 272, 278 (D.Utah 1985) (observing that the three reported cases which apply Utah law and uphold an indemnitor's obligation to cover for losses caused by the indemnitee's own negligence, all involve explicit reference in the contract to an exception where an injury results from the sole negligence of the indemnitee). Accordingly, Stockmar's motion for summary judgment on Kennecott's third cause of action is granted.

III. *Indemnification under Paragraph Eleven*

Under its first cause of action Kennecott seeks indemnification based upon paragraph eleven of the insulation contract which provides:

*Indemnification Agreement:* [Stockmar] *agrees to indemnify* and save

harmless [Kennecott] against any and all loss and expense including attorneys fees and other legal expenses, by reason of liability imposed or claimed to be imposed by law upon [Kennecott] *for damages because of bodily injuries ... sustained by any person or persons*, arising out of or in connection with the performance of the work called for by this purchase order ... whether or not such bodily injuries ... arise or are claimed to have arisen in whole or in part out of the negligence or any other grounds of legal liability, including violation of any duty imposed by statute or ordinance or regulation on the part of [Stockmar], the subcontractors, [Kennecott], the employees or agents of any of them, or any other person or organization, but excluding any liability caused by the sole negligence or willful misconduct of [Kennecott].

(emphasis added.) Courts have taken different views on whether an employer can waive its workmen's compensation defense by contracting to indemnify a third party for injuries to its employees. One view is that the exclusive remedy provision of workmen's compensation prevents a third-party from ever seeking indemnity against the injured party's employer.[3] Another view is that workmen's compensation may be waived by an express written waiver, but that even explicit language in the indemnity contract covering injury to the indemnitor's employees is not sufficient.[4] However, most courts consider an indemnity agreement to be a separate undertaking by the employer that will be enforceable despite workmen's compensation if the indemnity provision *expressly* covers the indemnitor's employees.[5] The Utah Supreme Court in *Shell Oil Co. v. Brinkerhoff-Sig-*

Utah court found a lack of specificity within particular indemnity provisions. *Id.* at 725–26.

**3.** *See Paul Krebs & Associates v. Matthews & Fritts Construction Co.*, 356 So.2d 638 (Ala.1978).

**4.** *Davis v. Consolidated Rail Corp.*, 2 Ohio App.3d 475, 442 N.E.2d 1310, 1312 (1981).

**5.** *See Glass v. Stahl Speciality Co.*, 97 Wash.2d 880, 652 P.2d 948, 951 (1982); *Keawe v. Hawaiian Electric Co.*, 65 Hawaii 232, 649 P.2d 1149,

1153 (1982); *Pocatello Industrial Park Co. v. Steel West, Inc.*, 101 Idaho 783, 621 P.2d 399, 406 (1980); *City of Artesia v. Carter*, 94 N.M. 311, 610 P.2d 198, 201 (App.1980); *Cordier v. Stetson-Ross, Inc.*, 184 Mont. 502, 604 P.2d 86, 91 (1979); *Pittsburg-Des Moines Steel Co. v. American Surety Co. of New York*, 365 F.2d 412, 416 (10th Cir.1966) (applying Wyoming law).

*nal Drilling Co.,* 658 P.2d 1187, 1190–91 (Utah 1983) adopted the latter view:

> A third-party action for contract indemnity from the employer is not "on account of" an employee's injury, nor is it an action "based upon" an employee's injury. Rather, it is an action for reimbursement based upon an express contractual obligation between the employer and the third-party plaintiff. That contractual obligation is independent of any statutory duty the employer may owe his employee.

In *Shell* the court upheld contract terms which expressly covered injuries to the "[indemnitor's] employees, [indemnitee's] employees or third parties...." *Id.* at 1189 n. 1, 1191.

Stockmar does not dispute that by its terms paragraph eleven provides that Stockmar will indemnify Kennecott for Kennecott's own negligence. In addition, the terms contain an exception if Kennecott is solely responsible for any "liability," consistent with the public policy pronouncement of Utah Code Ann. § 13–8–1 (1986). However, Stockmar strongly disagrees with Kennecott's conclusion that paragraph eleven covers injuries to Stockmar's own employees. Stockmar argues that the language *"person or persons"* is not explicit and does not express an intent by Stockmar to contract away its workmen's compensation defense. Judge Winder of this court in *Freund v. Utah Power & Light,* 625 F.Supp. 272 (D.Utah 1985) dealt with a similar argument in the context of an indemnity agreement which covered injury to "persons." Judge Winder held that the

term "persons" was not explicit and did not cover the indemnitor's employees. *Id.* at 279. The rationale for that determination was the following:

> The requirement that an agreement state in express terms that an employer intends to indemnify third-parties for employee injuries serves an important public policy. The Workmen's Compensation laws provide employees with expedited compensation for the loss of earning capacity in exchange for the relinquishment of their common law cause of action against the employer. The employer, in turn, gives up legal defenses and must pay into a compensation fund in return for freedom from employee suits. Any change in this arrangement should not be' lightly inferred. Accordingly, an employer's intention to waive its immunity must be clearly expressed in the agreement.

*Id.* Kennecott points out that Judge Winder's interpretation of "persons" was not necessary to the determination of the case because the agreement in *Freund* had other fatal flaws. *Id.* at 276–72 (agreement did not expressly cover indemnitee's own negligence). However, Judge Winder has subsequently reaffirmed his analysis of "persons" within a case requiring a holding on that issue. *Atlas Corp. v. Centennial Development Co.,* No. 86–C–0506W, slip op. at 6 (Jan. 15, 1987). Kennecott also takes the position that Judge Winder's view is inconsistent with the Utah Supreme Court's opinion in *Shell Oil Co. v. Brinkerhoff-Signal Drilling Co.,* 658 P.2d 1187

---

6. *Kennecott* also argues that *Freund* is inconsistent with the Tenth Circuit cases applying Utah law. In *Titan Steel Corp. v. Walton,* 365 F.2d 542 (10th Cir.1986) the court upheld two indemnity clauses. One clause referred explicitly to the indemnitor's employees and the other referred only to "persons" injured. However, in *Titan* no challenge was made with regard to whether the term "persons" was explicit. *Id.* at 548. ("Titan does not now seem to deny that the asserted losses came within the literal terms of the contracts.") The argument in *Titan* was that all agreements to indemnify for injury to the indemnitor's employees were against public policy. The court rejected that argument and recognized that an explicit indemnity agreement is a voluntary obligation separate from obli-

gations under workmen's compensation. *Id.* at 549.

In *Southern Pacific Transportation Co. v. Nielsen,* 448 F.2d 121, 124 (10th Cir.1971) the court held that an indemnity clause covering "persons" included the employees of the indemnitee. However, the court's interpretation of "persons" did not involve the underlying policy of the exclusive provisions of workmen's compensation because the injury was to the indemnitee's employee rather than to the indemnitor's employee. Accordingly, the court considers that interpretation of "person or persons" here should be made in light of that important policy and in light of subsequent cases from other

(Utah 1983).[6] Kennecott argues that *Shell* recognized that the employer's duty to indemnify is not created as a result of a waiver of immunity under workmen's compensation, but rather as a result of a completely separate contractual undertaking. Therefore it is argued that so long as the contract terms cover all parties there is no requirement of an express waiver of immunity. However, the agreement in *Shell* explicitly covered the indemnitor's employees.

 We agree that there need not be an express waiver of immunity. The court considers that the effect of workmen's compensation is not to require that the contract directly set forth language such as, "we the employer hereby waive the workmen's compensation defense."[7] However, absent such an express waiver there must be express language to show an intent to indemnify against injuries to the indemnitor's employees. The Washington Supreme Court agrees and has adopted the rule that the agreement must expressly provide that (1) the indemnitor is waiving its workmen's compensation defense or (2) the terms of indemnity agreement cover injury to the indemnitor's employees.

*Brown v. Prime Construction Co.*, 102 Wash.2d 235, 684 P.2d 73, 75 (1984).[8] Based upon the above authority, the phrase "person or persons" does not cover Stockmar's own employees given the dramatic consequences of such an interpretation. As a result Stockmar's motion to dismiss Kennecott's first cause of action is granted.[9]

Based upon the above, Stockmar's motion for summary judgment is granted and Kennecott's cross motion is rendered moot. This Memorandum Decision and Order will suffice as the court's final action on this motion; no further Order need be prepared by counsel.

---

jurisdictions which have applied that policy to similar language.

7. However, at least one court would require such an express waiver. *See Davis v. Consolidated Rail Corp.*, 2 Ohio App.3d 475, 442 N.E.2d 1310, 1312 (1981). That view is inconsistent with the Utah court's holding in *Shell*.

8. *See also Diamond Internat'l Corp. v. Sullivan & Merritt, Inc.*, 493 A.2d 1043, 1048 (Me.1985) (adopting the *Brown* court's analysis); *Riggins v. Bechtel Power Corp.*, 44 Wash.App. 244, 722 P.2d 819 (1986). In *Riggins* the court recognized the distinction between "assum[ing] liability for losses *caused* by the negligent acts of its employees, which is unlike assuming liability for injuries *incurred* by its employees." *Id.* 722 P.2d at 825 (emphasis added). Therefore the fact that the indemnity agreement expressly covers injuries caused by Stockmar's employees has no bearing on whether the agreement also covers injuries incurred by Stockmar's employees.

9. The interpretation that "person or persons" does not include Stockmar's employees is further supported by the last clause of paragraph eleven. According to that provision Stockmar is not required to indemnify Kennecott for "any *liability* caused by the sole negligence or willful misconduct of [Kennecott]." (emphasis added) Within the facts here even if Stockmar were a

cause in fact of plaintiff's injury, workmen's compensation is the exclusive remedy against Stockmar for that negligence and as a result Stockmar cannot be a joint tortfeasor with Kennecott. *See Phillips v. Union Pacific R.R.*, 614 P.2d 153, 154 (Utah 1980). Thus, as a matter of law, Kennecott is the *sole* cause of "liability" that could be paid to the plaintiff in this case. The circumstances would of course be different if the injury were to one of Kennecott's employees or a third party. In those circumstances Stockmar could be a joint tortfeasor and a source of "liability."

The result under the present facts should be contrasted with the result under the language in *Shell Oil Co. v. Brinkerhoff-Signal Drilling Co.*, 658 P.2d 1187 (Utah 1983). In *Shell* the contract provided an "exception where such *injury, death* or *damage* has resulted from the sole negligence of [indemnitee], without negligence or willful act on the part of [indemnitor]...." *Id.* at 1189 (emphasis added). In that case it is clear that it is the negligence in causing the "injury" that is important and therefore even with the workmen's compensation defense to "liability," the employer is a cause of the "injury." That interpretation of the exception provision is consistent with the express undertaking by the indemnitor in *Shell* to indemnify against injuries to its own employees.