JACOBSEN CONSTRUCTION COMPANY, a Utah corporation; and University Inn Associates, Third–Party Plaintiffs and Appellee,

v.

BLAINE CONSTRUCTION CO., INC., a Utah corporation, Third–Party Defendant and Appellant.

No. 920720–CA.

Court of Appeals of Utah.

Nov. 5, 1993.

Rehearing Denied Dec. 7, 1993.

---

Gary B. Ferguson (Argued), Williams & Hunt, Salt Lake City, for appellant.

John R. Lund (Argued), Snow, Christensen & Martineau, Salt Lake City, for appellee.

Before BENCH, GREENWOOD and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Blaine Construction Co., Inc. (Blaine), appeals the trial court's grant of a partial summary judgment requiring Blaine to indemnify a general contractor and owner for liability arising from injuries suffered by a Blaine employee. We reverse and remand for trial.

## FACTS

On March 31, 1986, Jacobsen Construction Co. (JCC), a general contractor, and Blaine, a subcontractor, entered into a construction contract under which Blaine was to provide all concrete work necessary for construction of the University Park Hotel, owned by University Inn Associates (UIA). The contract also contained an indemnification provision under which Blaine agreed to indemnify JCC and UIA from enumerated items of property damage and personal injury unless the harm was caused by their "active negligence." [1]

On September 25, 1986, one of Blaine's employees, Modesto Ruybal, suffered bodily injury when he fell through a hole in the concrete floor that Blaine had constructed. Mr. Ruybal fell through the hole while he and another workman were carrying a sheet of plywood.

On August 17, 1989, Mr. Ruybal filed suit against JCC and UIA, alleging that both JCC and UIA failed to provide a hazard-free work environment, and thus, were liable for his injuries. Subsequently, JCC and UIA filed a third-party complaint against Blaine seeking indemnification under the contract.

On October 17, 1990, JCC and UIA filed a motion for summary judgment based on the indemnity provision of the contract. Later, Blaine filed a motion for summary judgment. After argument on both motions, the trial judge granted summary judgment to JCC and UIA and denied Blaine's motion for summary judgment. The trial court concluded that Blaine had agreed to indemnify JCC and UIA regardless of their negligence. Thus, the trial court ordered Blaine to indemnify JCC and UIA against any liability arising from Mr. Ruybal's claims and also ordered Blaine to pay costs incurred and attorney fees.

## ISSUES

Blaine asserts: (1) that the indemnity provision is not valid and enforceable because it contravenes public policy and is vague; and (2) that the trial court improperly granted summary judgment because disputed material issues of fact remain. Because the indemnity provision contravenes public policy and is thus void, we need not consider Blaine's remaining arguments.

## ANALYSIS

Blaine argues that the indemnification provision in the contract is void because it

---

**1.** The indemnity provision provides as follows: Subcontractor shall indemnify contractor and/or owner against, and save each harmless from:

....

(2) any and all loss, damage, injury, liability and claims thereof for injuries to or death to persons and loss of or damages to property resulting directly or indirectly from subcontractor's performance of this agreement, regardless of the negligence of owner, the contractor, or their agents or employees; provided that where such loss, damage, injury, liability or claims are the result of active negligence on the part of owner or contractor or their respective agents or employees, and is not caused or contributed to by an omission to perform some duty also imposed on subcontractor, its agents or employees, such indemnity shall not apply to such party guilty of such active negligence unless the prime contract otherwise provides.

contravenes public policy. We agree. Utah Code Ann. § 13–8–1 (1992) provides in pertinent part:

A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair or maintenance of a building ... purporting to indemnify the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the *sole negligence* of the promisee, his agents or employees, or indemnitee, is against public policy and is void and unenforceable.

(Emphasis added.) In other words, an indemnity agreement in the construction industry violates public policy if it requires indemnification of the indemnitee for its sole negligence.

The indemnity agreement between Blaine and JCC provides that if an injury is the result of "active negligence on the part of owner or contractor ... and is not caused or contributed to by an omission to perform some duty also imposed on subcontractor ... such indemnity shall not apply to such party guilty of such active negligence."

Thus, if JCC or UIA were solely and *actively* negligent, they would not be indemnified by Blaine. However, if JCC or UIA were solely and *passively* negligent, Blaine would be required to indemnify them.[2] Because the indemnity agreement mandates that Blaine indemnify JCC and UIA in the event that they are solely and passively negligent, the agreement violates public policy as expressed in Utah Code Ann. § 13–8–1. Accordingly, we vacate the grant of summary judgment and remand the case for trial.

BENCH and GREENWOOD, JJ., concur.

---

**2.** Utah courts have recognized a distinction between active and passive negligence. *See Freund v. Utah Power & Light Co.,* 793 P.2d 362, 369 (Utah 1990); *Hanover Ltd. v. Cessna Aircraft Co.,* 758 P.2d 443, 447–49, 451 (Utah App.1988).