SHELL OIL COMPANY, a Delaware corporation, Third-Party Plaintiff and Appellant,

v.

BRINKERHOFF–SIGNAL DRILLING COMPANY, Third-Party Defendant and Respondent.

No. 18084.

Supreme Court of Utah.

Feb. 2, 1983.

---

Chris Wangsgard, Salt Lake City, for third-party plaintiff and appellant.

Robert F. Orton, Salt Lake City, for third-party defendant and respondent.

OAKS, Justice:

This interlocutory appeal in a tort case involves a controversy between a third-party plaintiff and a third-party defendant over the validity of an indemnity agreement. Plaintiff Billie Thomas Back is employed by Brinkerhoff-Signal Drilling Company (hereinafter Brinkerhoff), an independent contractor engaged in drilling oil wells for Shell Oil Co. Plaintiff sued Shell, alleging that through its negligence in attaching a unit to the drilling rig the coupling had failed and high-pressure drilling mud had struck and injured him.

Shell filed a third-party complaint against Brinkerhoff, alleging that Brinkerhoff's negligence in connection with the equipment that failed created a hazard to its drillers that was the proximate cause or a concurring proximate cause of plaintiff's injury. As a result, Shell contended, Brinkerhoff was required to indemnify Shell for the amount of any judgment plaintiff took against Shell. Brinkerhoff's alleged liability was based on common law indemnity principles and on a provision of a written contract in which Brinkerhoff had expressly agreed to indemnify Shell against all claims arising out of injuries to Brinkerhoff's employees except where the injury resulted from the sole negligence of Shell.

Before trial of plaintiff's case, Brinkerhoff moved for summary judgment on Shell's third-party complaint against Brinkerhoff, arguing that its agreement to indemnify Shell was unenforceable as a matter of law for three reasons: (1) such in-

demnification contracts violate public policy; (2) the exclusive remedy provision of Utah's Workmen's Compensation Act, U.C.A., 1953, § 35–1–60, gives an employer immunity from actions by third parties seeking indemnity for amounts paid to its employees; and (3) Utah's Comparative Negligence Act prohibits contracts for indemnity. Without identifying the specific basis for its ruling, the district court granted summary judgment and dismissed Shell's third-party complaint with prejudice.

To succeed in its appeal, Shell must establish that all three of the cited reasons for the invalidity of the indemnity agreement are erroneous. We conclude that it has done so, and reverse the summary judgment.

## I. THE INDEMNITY CONTRACT

Shell's claim for indemnification is based upon a provision of its drilling contract with Brinkerhoff, quoted below.[1] While not denying that it freely and knowingly entered into this contract, Brinkerhoff contends that such indemnity provisions are contrary to public policy in that they "induce a want of care" by the indemnitee. *Jankele v. Texas Co.,* 88 Utah 325, 329, 54 P.2d 425, 427 (1936).

Agreements by which one person obtains another person's agreement to indemnify him from the results of his own negligence are not favorites of the law, *Howe Rents Corp. v. Worthen,* 18 Utah 2d 263, 265, 420 P.2d 848, 849 (1966); *Union Pacific Railroad v. El Paso Natural Gas Co.,* 17 Utah 2d 255, 259, 408 P.2d 910, 913–14 (1965), and are strictly construed against the indemnitee. *Union Pacific Railroad v. Intermountain Farmers Association,* Utah, 568 P.2d 724, 725 (1977); *Walker Bank & Trust Co. v.*

*First Security Corp.,* 9 Utah 2d 215, 220, 341 P.2d 944, 947 (1959).

■ Nevertheless, we have frequently adhered to the majority rule that where the intention to indemnify a person from losses attributable to his own negligence is "clearly and unequivocally expressed" in the contract language, an indemnity agreement will be upheld. *Howe Rents Corp. v. Worthen,* 18 Utah 2d at 265, 420 P.2d at 849; *Union Pacific Railroad v. El Paso Natural Gas Co.,* 17 Utah 2d at 251, 408 P.2d at 913–14; *Barrus v. Wilkinson,* 16 Utah 2d 204, 398 P.2d 207 (1965). *See also United States v. Seckinger,* 397 U.S. 203, 211, 90 S.Ct. 880, 885, 25 L.Ed.2d 224 (1970). The indemnity provision challenged here meets that requirement, and is upheld under those authorities. As to its possible effect on the indemnitee's standard of care, this result is indistinguishable from a liability insurance policy. 41 Am.Jur.2d *Indemnity* § 3 (1968). Indeed, the contention that contracts of indemnity violate public policy by inducing negligence has been rejected by more than one court as "fanciful" or "untenable" in view of the many automobile liability insurance policies in existence. *Id.* § 9 at 694 & n. 5, citing *Northern Pacific Railway v. Thornton Brothers Co.,* 206 Minn. 193, 288 N.W. 226 (1939). *See also Cooper v. H.B. Owsley & Son, Inc.,* 43 N.C.App. 261, 266–67, 258 S.E.2d 842, 846 (1979).

■ An indemnity agreement may be invalidated as violative of public policy where shown to have resulted from duress, deception, a disparity of bargaining power, or negotiations conducted at less than arm's length. *Titan Steel Corp. v. Walton,* 365 F.2d 542, 548 (10th Cir.1966) (applying Utah law); *Southern Pacific Transportation Co.*

---

1.   11.6 ... Contractor [Brinkerhoff] agrees to protect, indemnify and save Operator [Shell], its employees, and agents harmless from and against all claims, demands and causes of action of every kind and character arising in favor of Contractor's employees, Operator's employees or third parties on account of bodily injuries, death or damage to property arising out of or in connection with the performance of this agreement, except where such injury, death or damage has resulted from the sole negligence of Operator, without negligence or willful act on the part of Contractor, its agents, servants, employees, or subcontractors. Contractor shall defend all suits brought upon such claims and pay all costs and expenses incidental thereto, but Operator shall have the right, at its option, to participate in the defense of any such suit without relieving Contractor of any obligation hereunder.

*v. Nielsen,* 448 F.2d 121, 123 (10th Cir.1971) (applying Utah law); *Cooper v. H.B. Owsley & Son, Inc.,* 43 N.C.App. at 267, 258 S.E.2d at 846; Annot., 68 A.L.R.3d 7, § 3(a) (1976).[2] Brinkerhoff makes no such claim in this case.

## II. EXCLUSIVE REMEDY PROVISION IN WORKMEN'S COMPENSATION ACT

Brinkerhoff also contends that enforcement of the indemnity provision in the contract is precluded by the exclusive remedy provision of the Workmen's Compensation Act, U.C.A., 1953, § 35–1–60. That section provides:

> The right to recover compensation pursuant to the provisions of this title for injuries sustained by an employee, whether resulting in death or not, shall be the exclusive remedy against the employer and shall be the exclusive remedy against any officer, agent or employee of the employer and the liabilities of the employer imposed by this act shall be in place of any and all other civil liability whatsoever, at common law or otherwise, to such employee or to his spouse, widow, children, parents, dependents, next of kin, heirs, personal representatives, guardian, or any other person whomsoever, on account of any accident or injury or death, in any way contracted, sustained, aggravated or incurred by such employee in the course of or because of or arising out of his employment, and no action at law may be maintained against an employer or against any officer, agent or employee of the employer based upon any accident, injury or death of an employee.

There is no dispute that Brinkerhoff has compensated its employee, plaintiff, in accordance with the Workmen's Compensation Act. But Brinkerhoff contends that its payment of benefits under the Act is its exclusive exposure for its employee's injuries. According to Brinkerhoff, § 35–1–60 makes an employer immune from all civil liability arising out of its employees' injuries, including a third-party's action for indemnity under a contract signed by the employer. This is apparently an issue of first impression in this state.

Under the new system of rights and obligations established in the Workmen's Compensation Act, injured employees can obtain compensation without proving the employer's negligence or enduring the expense and delay of court litigation. In return, the employee relinquishes all common law causes of action against his employer. Hence, as we have often stated, the recovery of benefits under the Act is an injured employee's exclusive remedy against his employer. *Masich v. United States Smelting, Refining & Mining Co.,* 113 Utah 101, 108–09, 191 P.2d 612, 616 (1948); *Murray v. Wasatch Grading Co.,* 73 Utah 430, 435–36, 274 P. 940, 942 (1929). That is what the Act means when it grants the employer immunity from "any and all other civil liability whatsoever, at common law or otherwise . . . on account of" an employee's injury or death, and further provides that, aside from a claim for compensation under the Act, "no action at law may be maintained against an employer . . . based upon" the employee's injury or death.

A third-party action for contract indemnity from the employer is not "on account of" an employee's injury, nor is it an action "based upon" an employee's injury. Rather, it is an action for reimbursement based upon an express contractual obligation be-

**2.** Respondent cites U.C.A., 1953, § 13–8–1 as further evidence that our legislative and judicial policy disfavors indemnity agreements. That statute, which is entitled "Construction industry—Agreements to indemnify," provides that an agreement for the construction, repair or maintenance of a building which purports to indemnify the promisee for liability resulting from the promisee's "sole negligence" is "void and unenforceable" as against public policy. *Since, by its own terms, the statute applies* only to the construction industry, it is inapplicable here. Moreover, even if the statute were applied, the contract provision challenged here would not be invalidated since it makes exception for injury, death or damage that has "resulted from *the sole negligence* of Operator [Shell], without negligence or willful act on the part of Contractor [Brinkerhoff], its agents, servants, employees, or subcontractors." (Emphasis added.)

tween the employer and the third-party plaintiff. That contractual obligation is independent of any statutory duty the employer may owe his employee. *Manson-Osberg Co. v. State,* Alaska, 552 P.2d 654, 658–59 (1976); *Kamali v. Hawaiian Electric Co.,* 54 Haw. 153, 504 P.2d 861, 865–66 (1972); *Redford v. City of Seattle,* 94 Wash.2d 198, 203–06, 615 P.2d 1285, 1287–89 (1980); *Pan American Petroleum Corp. v. Maddux Well Service,* Wyo., 586 P.2d 1220, 1222–24 (1978); A. Larson, *The Law of Workmen's Compensation* §§ 76.40–.42 (1982); Annot., 100 A.L.R.3d 350 (1980).

■ The exclusive remedy provision in the Workmen's Compensation Act does not govern all relationships between a third party and either the employer or the employee. Thus, it does not preclude the employee injured in the course of his employment from suing a negligent third party for damages. The statute expressly preserves that right for the employee, subject only to the compensating employer's or insurance carrier's right of subrogation. U.C.A., 1953, § 35–1–62; *Oliveras v. Caribou-Four Corners, Inc.,* Utah, 598 P.2d 1320 (1979). Similarly, the exclusivity provision does not bar the enforcement of a written contract between a third party and the employer in which the employer voluntarily undertakes liabilities separate from or in addition to those owed to his employees by operation of law. *Titan Steel Corp. v. Walton,* 365 F.2d at 549; *Mason v. Callas Contractors, Inc.,* 494 F.Supp. 782, 783–84 (D.Md.1980); *City of Artesia v. Carter,* 94 N.M. 311, 610 P.2d 198, *cert. denied,* 94 N.M. 628, 614 P.2d 545 (1980); *Redford v. City of Seattle, supra.*

■ For the foregoing reasons, we hold that the exclusive remedy provision of the Workmen's Compensation Act, § 35–1–60, does not invalidate an express agreement under which the employer agrees to indemnify a third party for amounts paid to its employees. As a result, the Act does not bar Shell's enforcement of the indemnity clause in its written contract with Brinkerhoff.[3]

## III. THE COMPARATIVE NEGLIGENCE ACT

■ Brinkerhoff's third argument for summary judgment urges that its indemnity agreement with Shell is unenforceable because of the Utah Comparative Negligence Act, U.C.A., 1953, §§ 78–27–37 to –43. This contention is erroneous because § 78–27–41 provides that "[n]othing in this act shall affect . . . [a]ny right to contribution or indemnity arising from contract or agreement."

In addition, the thrust of the Comparative Negligence Act is to diminish the damages awarded "in the proportion to the amount of negligence attributable to the person recovering," § 78–27–37, and then to consider "the relative degrees of fault of the joint tort-feasors . . . in determining . . . their rights of contribution among themselves" for payment of the judgment against them. § 78–27–40. A joint tort-feasor is defined in the Act as one of two or more persons jointly or severally *liable in tort* for the same injury. § 78–27–40(3). We have previously held that an employer in compliance with the Workmen's Compen-

**3.** Because it is unnecessary to the resolution of this case, we express no opinion on whether the exclusive remedy provision of the Workmen's Compensation Act bars a third-party action for indemnity that is not based on a written indemnity agreement. Such circumstances include third-party claims for indemnity (1) based on common law tort principles of indemnity, Restatement (Second) of Torts § 886B (1979); W. Prosser, Handbook of the Law of Torts § 51 (4th ed. 1971); *Whittenberg Engineering & Construction Co. v. Liberty Mutual Insurance Co.,* Ky., 390 S.W.2d 877, 882–83 (1965), (2) derived solely from the nature of the relationship between the employer and the third party, A. Larson, The Law of Workmen's Compensation § 76.50–.53 (1982), or (3) based on an express or implied contract between the parties that gives rise to an independent duty owed by the employer to the third party where the breach of this duty, rather than express contractual language, serves as the basis for indemnity. *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.,* 350 U.S. 124, 132–35, 76 S.Ct. 232, 236, 100 L.Ed. 133 (1956); *Pelinski v. Goodyear Tire & Rubber Co.,* 499 F.Supp. 1092 (N.D.Ill.1980); *United States Fidelity & Guar. Co. v. Kaiser Gypsum Co.,* 273 Or. 162, 539 P.2d 1065 (1975); A. Larson, *supra,* at § 76.70.

sation Act cannot be a joint tortfeasor with regard to his own employee because his liability to an employee injured in the scope and course of employment is not based on tort law. *Phillips v. Union Pacific Railroad,* Utah, 614 P.2d 153, 154 (1980); *Curtis v. Harmon Electric, Inc.,* Utah, 552 P.2d 117 (1976). Hence, the Comparative Negligence Act does not invalidate an employer's indemnity contract with a third party.

The summary judgment against Shell is reversed, and the cause is remanded for reinstatement of Shell's third-party complaint and for further proceedings consistent with this opinion. Costs to appellant.

HALL, C.J., and HOWE, STEWART and DURHAM, JJ., concur.