**Javier RODRIQUEZ and Mary L. Rodriquez, Plaintiffs–Appellants,**

v.

**NURSERIES, INC., Defendant–Appellee.**

No. 90CA0620.

Colorado Court of Appeals, Div. V.

July 5, 1991.

Marvin Dansky, P.C., Jack LeProwse, Westminster, for plaintiffs-appellants.

Wood, Ris & Hames, P.C., Charles E. Weaver, Christopher C. Felton, Denver, for defendant-appellee.

Opinion by Judge DAVIDSON.

In this appeal from a summary judgment entered in favor of defendant, Nurseries, Inc., and against plaintiffs, Javier and Mary Rodriquez, the question presented is whether the High Voltage Power Lines–

Safety Requirements Act, § 9–2.5–101, et seq., C.R.S. (1986 Repl.Vol. 3B) (the Safety Act), creates an exception to the exclusivity of the Workers' Compensation Act of Colorado, § 8–40–101, et seq., C.R.S. (1990 Cum.Supp.). We hold that it does not and, therefore, affirm.

The relevant facts are undisputed. Plaintiff Javier Rodriquez was employed by defendant as a nursery laborer. While clearing an area near high voltage power lines, Rodriquez tipped an aluminum irrigation pipe upward causing it to come in contact with the power line. As a result, he suffered electrical and thermal injuries.

Defendant was insured under the Workers' Compensation Act, and Rodriquez claimed and received workers' compensation as defendant's employee.

Plaintiffs then filed this action against defendant, seeking recovery for damages in excess of the benefits received under the Workers' Compensation Act. Rodriquez' wife, Mary, sought recovery for loss of consortium. Defendant filed a motion for summary judgment arguing that, having complied with the provisions of the Workers' Compensation Act, it is immune from suit. The trial court agreed, and so do we.

Section 8–41–102, C.R.S. (1990 Cum. Supp.) of the Workers' Compensation Act provides, in pertinent part:

> "An employer who has complied with the provisions of [this Act] shall not be subject [to] any other liability for the death of or personal injury to any employee [and] all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies for and on account of [the] death of or personal injury to any [employee] and accruing to any person are abolished...."

■ "The Workers' Compensation Act [provides] exclusive remedies for compensation of an employee by an employer for work-related injury." *Triad Painting Co. v. Blair*, 812 P.2d 638 (Colo. No. 90SC383, June 10, 1991). Recovery under the Workers' Compensation Act is meant to be exclusive and to preclude employee tort actions against any employer. *Kandt v. Evans*, 645 P.2d 1300 (Colo.1982).

■ Also, an employer's compliance, as here, with the provisions of the Workers' Compensation Act "is construed as a surrender by both the employer and the employee of any other cause of action or common-law right or remedy which the employee may have against the employer for the employee's injuries arising out of and in the course of employment." *Popovich v. Irlando*, 811 P.2d 379 (Colo.1991).

Rodriquez admits that he is a covered employee under the Workers' Compensation Act, that defendant is a covered employer, and that he has been paid benefits under the Act. Further, plaintiffs agree that, as a complying employer, defendant otherwise would be immune from suit. They argue, however, that the Safety Act provides an exception to the exclusivity of the Workers' Compensation Act.

■ The Safety Act imposes a duty upon contractors performing work within 10 feet of an overhead high voltage line to notify the utility company in advance and to arrange for effective guarding of the line against accidental contact. Section 9–2.5–103, C.R.S. (1986 Repl.Vol. 3B). It further provides that a person or entity that violates the act:

> "may be liable for all damages and all costs and expenses, incurred, as a result of the contact, as determined by a court of record, or by settlement made by all parties who may become liable for such damages prior to the filing of or during the course of a civil action." Section 9–2.5–104(2), C.R.S. (1986 Repl.Vol. 3B).

Essentially, plaintiffs argue that, in enacting the Safety Act, the General Assembly intended to provide "a more extensive remedy because an inherently dangerous activity is involved." Plaintiffs contend that the intent to allow the recovery of damages that are not otherwise covered by Workers' Compensation benefits is evinced by the use of the phrase "all damages." Thus, according to plaintiffs, this section of the Safety Act authorizes a tort action to recover these additional damages. We do not agree.

██ Contrary to plaintiffs' contention, we find nothing in the phrase "all damages" as indicative of an intent by the General Assembly to permit additional recovery in tort against an employer which has complied with the Workers' Compensation Act. In construing a statute, words, phrases, clauses, and sentences must be interpreted in connection with, and in relation to, the rest of the paragraph. *People ex rel. Marks v. District Court*, 161 Colo. 14, 420 P.2d 236 (1966).

Here, the term "all damages," in context, refers to damages only as ultimately determined pursuant to existing law. Hence, this statute neither expands nor restricts liability insofar as the Workers' Compensation Act is concerned.

██ Moreover, there is a presumption that all laws are passed with knowledge of those already existing and that the General Assembly does not intend to repeal a statute without so declaring. *City & County of Denver v. Rinker*, 148 Colo. 441, 366 P.2d 548 (1961).

As it pertains to the immunity from suit of a complying employer, the exclusivity of the Workers' Compensation Act has been continually reaffirmed, *see, e.g., Popovich v. Irlando, supra*, and if the General Assembly had wanted to limit it, it would have done so clearly. In fact, although plaintiffs strenuously argue that the legislative history of the Safety Act reveals an intent by the General Assembly to provide an exception to the Workers' Compensation Act, having reviewed the relevant legislative materials, we reach the opposite conclusion. In the hearings on the Safety Act, the issue of workers' compensation or the Workers' Compensation Act was not discussed. *See* Hearing on House Bill 1465 before the House Transportation Committee, 54th General Assembly, 1st Session (March 21, 1983); Hearing on House Bill 1465 before the Transportation Committee, 54th General Assembly, 1st Session (May 17, 1983).

██ Thus, having brought himself within the ambit of the Workers' Compensation Act, Rodriquez is barred from proceeding in tort against his employer. Similarly, because her rights are strictly derivative of her husband's, Mary Rodriquez' claim is also barred. *See Alexander v. Morrison-Knudsen Co.*, 166 Colo. 118, 444 P.2d 397 (1968). Accordingly, we agree with the trial court that defendant is immune from suit.

The judgment is affirmed.

JONES and NEY, JJ., concur.