**Frank SNYDER and Vickie Snyder, Plaintiff,**

v.

**PACIFICORP, Defendant.**

**PacifiCorp, Third–Party Plaintiff,**

v.

**Salt Lake Valley Sand & Gravel, Inc., Third–Party Defendant.**

**No. 2:03CV811DAK.**

United States District Court, D. Utah, Central Division.

May 7, 2004.

---

Mark C. McLachlan, Matthew H. Raty, Raty & Kramer, Salt Lake City, UT, for Plaintiff.

Rick L. Rose, Gregory S. Roberts, Ray Quinney & Nebeker, Salt Lake City, UT, for Defendant/Third–Party Plaintiff.

Gregory N. Jones, Mackey Price & Thompson, Salt Lake City, UT, for Third–Party Defendant.

## MEMORANDUM DECISION AND ORDER

KIMBALL, District Judge.

This matter is before the court on Third–Party Defendant Salt Lake Valley Sand & Gravel, Inc.'s ("SLVS & G") Motion to Dismiss or, Alternatively, for Summary Judgment. The court held a hearing on the motion on May 5, 2004. Defendant and Third–Party Plaintiff PacifiCorp was represented by Rick L. Rose and Gregory S. Roberts, and Third–Party Defendant SLVS & G was represented by Gregory N. Jones. Having fully considered the motion and memoranda submitted by the parties and the facts and law relevant to this motion, the court enters the following Memorandum Decision and Order.

## I. BACKGROUND

Plaintiff Frank Snyder, an employee of Third–Party Defendant Salt Lake Valley Sand and Gravel ("SLVS & G"), was burned during the course of his employment when a crane boom made contact with an overhead power line, which was owned by Defendant and Third–Party Plaintiff PacifiCorp. Snyder was covered under SLVS & G's workers' compensation insurance and received benefits from SLVS & G for his injuries. Snyder then filed this lawsuit against PacifiCorp seeking compensation for injuries resulting from the accident.

PacifiCorp, in turn, filed a Third–Party Complaint against SLVS & G for indemnification, alleging that SLVS & G failed to notify it that Snyder would be performing work near overhead power lines as required by the High Voltage Overhead Lines Act ("HVOLA"), Utah Code Annotated Section 54–8c–2 (2000). The HVOLA requires notification to the public utility of all work to be performed near overhead power lines and, in the absence of notice, indemnification of the public utility. "No person or thing may be brought within 10 feet of any high voltage overhead line unless: (a) a responsible party has notified the public utility operating the high voltage overhead line of the intended activity; and (b) a responsible party and the public utility have completed mutually satisfactory precautions for the activity." *Id.* § 54–8c–2(1). It is undisputed that prior to the accident, SLVS & G did not notify PacifiCorp that

Snyder would be performing work near the overhead power lines in question.

The indemnity provision in the statute provides as follows: "A responsible party is liable to the public utility operating a high voltage overhead line for all damages to the facilities and for all liability incurred by the public utility as a result of any contract if: (a) the responsible party causes, permits, or allows a function or any activity in violation of any provision of this chapter, and (b) as a result, a physical or electrical contact with a high voltage overhead line occurs" *Id.* § 54–8c–4(3). A responsible party is defined as "any person who contracts to perform, is responsible for the performance of, or has control over any function or activity at any location." *Id.* § 54–8c–1(6). There is no dispute in this case that SLVS & G was the responsible party for the work performed by Snyder.

SLVS & G now moves the court to dismiss PacifiCorp's Third–Party Complaint on the grounds that it is barred by the exclusive remedy provision of the Utah Workers' Compensation Act ("WCA"). The WCA's exclusive remedy provision provides as follows:

> The right to recover compensation pursuant to this chapter for injuries sustained by an employee, whether resulting in death or not, shall be the exclusive remedy against the employer ... and the liabilities of the employer imposed by this chapter shall be in place of any and all other civil liability whatsoever, at common law or otherwise, to the employee or to the employee's spouse, widow, children, parents, dependents, next of kin, heirs, personal representatives, guardian, or any other person whomsoever, on account of any accident or injury or death, in any way contracted, sustained, aggravated, or incurred by the employee in the course of or because

of or arising out of the employee's employment, and no action at law may be maintained against an employer or against any officer, agent, or employee of the employer based upon any accident, injury, or death of an employee. *Id.* § 34A–2–105(1).

## DISCUSSION

This motion presents an issue of first impression under Utah law—whether a third-party's statutory claim of indemnity against an employer is actionable despite the exclusive remedy provision of the WCA. The Utah Supreme Court has held that a third-party's contractual claim of indemnity is actionable against an employer despite the exclusive remedy provision of the WCA. *See Shell Oil Co. v. Brinker-hoff–Signal Drilling Co.,* 658 P.2d 1187, 1190–91 (Utah 1983); *Freund v. Utah Power & Light Co.,* 793 P.2d 362, 372–73 (Utah 1990). However, in contrast, the Utah Supreme Court has held that a third-party's implied indemnity claim against an employer is not actionable. *Freund,* 793 P.2d at 367–68. Therefore, this court, in essence, must determine whether a statutory claim of indemnity is more akin to an express contractual claim of indemnity or an implied indemnity claim.

SLVS & G argues that the immunity afforded employers by the exclusive remedy clause is almost all-encompassing and it relies heavily on the courts analysis of implied indemnity claims in *Freund.* Specifically, SLVS & G argues that under the exclusive remedy provision of the WCA it cannot be liable for claims by "any person whomsoever" that are "based upon" or "on account of" Snyder's injuries. PacifiCorp argues that the indemnification provisions of the HVOLA are an exception to the exclusive remedy provision of the WCA, and, therefore, its indemnity claim against SLVS & G under the HVOLA is action-

able. PacifiCorp claims that its indemnity claim is based upon an independent statutory duty arising under the HVOLA and not "based upon" or "on account of" Snyder's accident. Furthermore, PacifiCorp contends that there is no conflict between the HVOLA and exclusive remedy provision of the WCA, and, to the extent that this court may find a conflict between the statutes, the HVOLA should take precedence.

The Utah Supreme Court recognizes that an express contractual indemnity provision between an employer and a third-party is enforceable despite the WCA's exclusive remedy provision. *Shell Oil Co. v. Brinkerhoff–Signal Drilling Co.*, 658 P.2d 1187, 1190–91 (Utah 1983). In *Shell*, the employer had expressly agreed to indemnify the third-party against all claims arising out of injuries to its employees except where the injury resulted from the sole negligence of the third-party. *Id.* at 1188. The employer argued that its payments of benefits under the WCA to its employee was its exclusive exposure for the employee's injuries. *Id.* at 1190. However, the *Shell* court found that "[a] third-party action for contract indemnity from the employer is not 'on account of' an employee's injury, nor is it an action 'based upon' an employee's injury." *Id.* at 1190. Rather, the action is "based upon an express contractual obligation between the employer and the third-party plaintiff. That contractual obligation is independent of any statutory duty the employer may owe his employee." *Id.* at 1190–91.

The *Shell* court further stated that the exclusivity provision of the WCA "does not govern all relationships between a third party and either the employer or the employee. Thus, it does not preclude the employee injured in the course of his employment from suing a negligent third party for damages.... Similarly, the exclusivity provision does not bar the enforcement of a written contract between a third party and the employer in which the employer voluntarily undertakes liabilities separate from or in addition to those owed to his employees by operation of law." *Id.* at 1191.

After deciding *Shell*, the court was faced with a third party seeking implied indemnity from an employer in *Freund v. Utah Power & Light Co.*, 793 P.2d 362 (Utah 1990). The worker in *Freund* was injured when he came in contact with a power line. *Id.* at 364. He received workers' compensation benefits from his employer and then sued two third-parties, Cablemain and Utah Power and Light ("UP & L"). *Id.* Cablemain sued his employer asserting an implied indemnity claim, and UP & L sued his employer asserting contractual indemnity. *Id.* at 365. In *Freund*, the Utah Supreme Court was addressing certified questions from the Tenth Circuit Court of Appeals, which included:

(1) whether the exclusive remedy provision of the Utah Workers' Compensation Act ... bars a claim by a third party that a statutory employer *impliedly* agreed to indemnify the third party against claims for injuries sustained by an employee; (2) whether, under Utah law, the indemnification provision of paragraph 21 of the "Facilities Attachment Agreement" is a sufficiently clear and unequivocal agreement by [the employer] to indemnify Utah Power & Light Co. for its own negligence which resulted in injuries to a Jones employee in connection with the "erection, maintenance, presence, use or removal of ones' equipment"; (3) whether, in view of the exclusive remedy provision of the Utah Workers' Compensation Act, the language set out in paragraph 21 of the "Facilities Attachment Agreement" is explicit enough to be an enforceable agreement on the part of Jones (the employer) to indemnify Utah Power for

amounts paid to ones's employee as a result of injuries sustained by the employee . . .

*Id.* at 364 (emphasis in original). With respect to whether Cablemain's implied indemnity claim survived the exclusive remedy provision of the WCA, the court first found that the phrase "any other person whomsoever" in the WCA "is unqualified. It plainly includes third parties." *Id.* at 367. Second, the court rejected Cablemain's argument that an implied indemnity claim was not "on account of" or "based upon" Freund's accident, but based on a breach of an independent, albeit implied, duty arising out of the contract between Cablemain and the employer. The court concluded "that indemnity should be enforced only where the employer has expressly agreed to indemnify, thereby affirmatively waiving the immunity afforded him by the exclusive remedy provision." *Id.* at 368.

Furthermore, while recognizing "the force of" Cablemain's arguments that unlike the injured employee, a third-party has not received a quid pro quo in exchange for giving up its right to sue the employer and that the legislatures in enacting workers' compensation acts only intended to affect rights between employer and employee, the court found that under the circumstances of the case, imposing indemnity was not equitable because Cablemain knew that the cable which it strung did not have the proper clearance from the power lines. *Id.* at 369. Therefore, the *Freund* court held that a third-party's implied indemnity claim against an employer was barred by the exclusive remedy provision of the WCA.

As to UP & L's express indemnity claim, the *Freund* court found that the language of the Facilities Attachment Agreement between the employer and UP & L was sufficiently clear and unequivocal to indemnify UP & L for injuries sustained by the employer's employee. *Id.* at 371–72. Given the language of the agreement, the court found "that to hold otherwise would, as a practical matter, render the indemnity provision of no effect at all, which obviously was not the intent of the contracting parties." *Id.* at 372. "This result follows notwithstanding the fact that [the employer] is stripped of the protection it would have otherwise enjoyed under the exclusive remedy beneficence of [the WCA]." *Id.*

SLVS & G argues that the *Freund* court's rejection of the "on account of" or "based upon" arguments in the implied indemnity context binds this court in the determination of statutory indemnity. SLVS & G also argues that the *Freund* court's holding with respect to the phrase "any party whomsoever" applies to all third parties and that the court's rejection of the "quid pro quo" argument applies with equal force in the statutory context. However, SLVS & G reads far too much into *Freund*. While *Freund* does speak in somewhat sweeping language, its discussion must be limited to the implied indemnity context the court was analyzing and it must be read consistent with *Shell*.

The *Freund* court did not hold that all third-parties were barred from bringing an indemnity action against an employer because the *Freund* court itself allowed UP & L to bring a contractual indemnity claim against the employer. The *Freund* court also did not overrule *Shell's* holding that a contractual indemnity claim was not "on account of" or "based upon" the employer's injuries. Therefore, *Freund* does not make it a foregone conclusion that an indemnity claim based on a statutory duty is "based on" or "on account of" the employee's injuries. SLVS & G's argument that the *Freund* court expressly rejected the "quid pro quo" argument is also an overstatement of its ruling. The court itself

1252

recognized that it was not convinced by those arguments because of other factual circumstances unique to the case. *See* 793 P.2d at 369. This court must read *Shell* and *Freund* together to determine whether a statutory claim of indemnity is more like a contractual indemnity claim or an implied indemnity claim.

PacifiCorp argues that similar to the duty to indemnify created by a contract, the duty to indemnify created by a statute should be considered a separate and independent duty that is enforceable despite the WCA's exclusive remedy provision. SLVS & G argues that because the HVOLA is silent as to the WCA, the legislature did not intend to disturb the immunity provided to employers by the exclusive remedy provision of the WCA.

Although this issue is one of first impression in Utah, it has been decided by several other jurisdictions. SLVS & G urges this court to follow *Rodriquez v. Nurseries, Inc.*, 815 P.2d 1006, 1007 (Colo. Ct.App.1991). *Rodriquez* is the only case finding that an action based on a similar statute to the HVOLA was barred by the exclusive remedy provision. *Id.* However, *Rodriquez* involved a claim asserted by an employee rather than a third-party. The employee was seeking to obtain an additional recovery in tort against his employer. *Id.* at 1007–08. The court found that the exclusive remedy provision was the employee's sole remedy against his employer and he was precluded from a separate tort cause of action for the same injuries. *Id.* at 1008. Because the *Rodriquez* court was not addressing an indemnity claim brought by a third-party, it is factually distinguishable from this case.

Every court that has addressed this specific issue has held that the exclusive remedy provision of the workers' compensation statute does not bar an action for indemnity based upon statutes comparable to the HVOLA. *See, e.g., Flint Elec.*

*Membership Corp. v. Ed Smith Construction Co.*, 270 Ga. 464, 511 S.E.2d 160, 162 (1999) ("A review of the foreign jurisdictions which have addressed this question reveals a uniform determination that indemnity provisions in high-voltage safety statutes are not barred by exclusivity provisions in workers' compensation acts."); *Nevada Power Co. v. Haggerty*, 115 Nev. 353, 989 P.2d 870, 877 (1999); *Travelers Insurance Co. v. L.V. French Truck Service*, 770 P.2d 551 (Okla.1988); *Houston Lighting & Power Co. v. Eller Outdoor Advertising Co.*, 635 S.W.2d 133, 135 (Tex. App.1982). These courts are uniform in their determinations that a third-party indemnity action brought pursuant to a high-voltage act is not "on account of" or "based upon" an employee's injury. Rather, it is an action based upon an independent statutory duty.

This court concludes that the indemnity provision under the HVOLA is a clear legislative mandate. Just as the legislature has mandated the relationship between an employer and an employee under the WCA, the legislature has mandated a relationship between public utilities and responsible parties under the HVOLA. The legislature has, in effect, written the contract between responsible parties and the public utility. The HVOLA creates a separate legal relationship. Therefore, PacifiCorp's action for indemnity under the HVOLA is not "based upon" or "on account of" Snyder's injuries. Rather, it is based upon a separate independent duty SLVS & G had in relation to PacifiCorp under the HVOLA. Accordingly, PacifiCorp's indemnity claim is not barred by the exclusive remedy provision of the WCA.

Because the court has concluded that PacifiCorp's indemnity action is based on a separate and independent statutory duty, similar to a contractual indemnity provi-

sion, there is no conflict between the HVOLA and the WCA. This conclusion is consistent with the rules of statutory construction requiring that statutes "be read together, harmonizing their provisions so that neither section negates a part of the other." *State v. Menzies*, 845 P.2d 220, 225 (Utah 1992) (citing *Jerz v. Salt Lake County*, 822 P.2d 770, 773 (Utah 1991); *Murray City v. Hall*, 663 P.2d 1314, 1318 (Utah 1983); *Millett v. Clark Clinic Corp.*, 609 P.2d 934, 936 (Utah 1980)). Moreover, the statutory duty to indemnify would create no more of a conflict than the contractual right to indemnity allowed in *Shell.* Under the WCA, injured employees can obtain compensation without proving the employer's negligence. In return, the employee relinquishes all common law causes of action against his employer. However, the immunity is only against actions on account of the employee's injury. A third-party action for indemnity under the provision of the HVOLA is not for damages but for reimbursement and is based on a breach of an independent duty owed by the employer to the third party. If the WCA barred third-party indemnity actions brought pursuant to the HVOLA against employers, the HVOLA would be limited in its application to non-employees.

SLVS & G argues that such a limitation is appropriate because, to the extent there is legislative history on the HVOLA, it talks about major contractors who already know about high voltage power lines and who are going to take precautions anyway. Although SLVS & G argues that this legislative history shows that the legislature was more concerned about individuals coming in contact with the lines than workers, this court disagrees. The statement that major contractors already take precautions could be read to mean that this additional duty is not unduly burdensome. It also speaks only of major contractors. The language does not state that correct safety precautions are being taken by all employers. Therefore, the language in no way intimates that the safety precautions in the HVOLA are not applicable to employers in general.

Even if there was a conflict between the two statutes, courts in other jurisdictions have reasoned that to preclude a third party indemnity action based on high voltage statutes would render the high voltage acts almost meaningless. *See, e.g., Travelers Ins. Co. v. Panama–Williams, Inc.*, 424 F.Supp. 1156, 1160 (N.D.Okla.1976). Several courts have also found that nearly all violations of the high voltage statute would be by employers, and if they are all immune under the WCA, then the statutory intent of preventing injuries to people who work near power lines is negated. In *Nevada Power*, the Supreme Court of Nevada opined that

> [t]he people who are most likely to be injured around an overhead power line are individuals who are working in the scope of their employment. If employers cannot be sued in indemnification pursuant to NRS 455.240(3) for injuries sustained by their employees, an important incentive for compliance involving the major beneficiaries of the act would be eliminated. Thus, this interpretation would yield an unreasonable result. Finding that NRS 455.240 constitutes an exception to the employer immunity provision fully promotes the purpose of the overhead power line statutes with minimal interference with the general purpose of the workers' compensation laws. This is a more harmonious resolution of the conflict between the two statutes than gutting the power line statute in favor of the workers' compensation laws.

989 P.2d at 877. Furthermore, the court in *Panama–Williams*, recognized that "[u]nquestionably the majority of equipment operators and their employers would be subject to the Workmen's Compensa-

tion Act. To deny recovery to third parties whose loss was occasioned by a violation of the six foot law because the employer was subject to the Workmen's Compensation Act would severely limit the statutory provision that the violator is liable for all liability incurred by the owner of the lines as a result of such violation." 424 F.Supp. at 1160–61.

PacifiCorp argues that with respect to the passage of the HVOLA in Utah, the legislature did not state that an employer's immunity under the WCA remained unchanged. However, when the legislature passed the Tort Reform Act in 1986, it specifically noted that nothing in the Tort Reform Act affected the exclusive remedy provisions of the WCA. *See* Utah Code Ann. § 78–27–43 ("Nothing in §§ 78–27–37 through 78–27–42 affects or impairs any common-law or statutory immunity from liability, including ... the exclusive remedy provisions of Chapter 1, Title 35.") Because the legislature did not include that exception in the HVOLA, PacifiCorp contends that it logically follows that it did not intend to except employers from the requirements of HVOLA. Based on policy reasons for passing a safety act such as the HVOLA, the court agrees. Almost all persons working within ten feet of a high voltage overhead power line would be an employee working in the course of their employment. If the legislature had intended those employers to be immune from the requirements of HVOLA's indemnity provisions, it could have easily included a provision similar to the provision in the Tort Reform Act.

Accordingly, this court concludes that PacifiCorp's third party indemnity claim against SLVS & G is not barred by the exclusive remedy provision of the WCA. Therefore, SLVS & G's motion to dismiss is denied.

## CONCLUSION

Based upon the above reasoning, Third–Party Defendant SLVS & G's Motion to Dismiss or. Alternatively, for Summary Judgment is DENIED.